UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YARON GISSIN, Individually and on Behalf of All Those Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DONALD L. ENDRES, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:09-cv-09338-SAS<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF VERASUN INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL |

**I.    PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of the common stock of VeraSun Energy Corp. ("VeraSun" or the "Company") between March 12, 2008 and September 16, 2008, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class members Son Nguyen, James Szumera[1], individually and as a Partner for Macor, Yaron Gissin, and Sham Anandakrishnan (the "VeraSun Investor Group") hereby move this Court for an Order to: (i) appoint the VeraSun Investor Group as Lead Plaintiffs in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve the VeraSun Investor Group's selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Barroway Topaz Kessler Meltzer & Check LLP ("Barroway Topaz") to serve as Lead Counsel.

This motion is made on the grounds that the members of the VeraSun Investor Group are the most adequate plaintiffs, as defined by the PSLRA. The VeraSun Investor Group collectively suffered losses of $104,608.81 in connection with its purchases of VeraSun common stock. *See* Rosenfeld Decl., Ex. B.[2] To the best of our knowledge, this is the greatest loss sustained by any moving Class member or Class member group who has brought suit or filed an application to serve

---

[1]    Mr. Szumera, individually and as a partner for Macor, acquired shares of VeraSun as a result of the Company's merger with U.S. BioEnergy Corporation. For purposes of Mr. Szumera's loss calculation, shares acquired from the merger were not included. *See* Ex. C to the Rosenfeld Decl.

[2]    References to the "Rosenfeld Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld, dated January 11, 2010 and submitted herewith.

as Lead Plaintiff in this Action. In addition, the VeraSun Investor Group, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative Class and that it will fairly and adequately represent the interests of the Class.

## II.     FACTUAL BACKGROUND

VeraSun engages in the production and sale of ethanol and its co-products in the United States. VeraSun is not named in this action as a Defendant because it and its core operating subsidiaries filed for bankruptcy protection in 2008.

The complaint charges certain of VeraSun's former executives with violations of the Exchange Act. According to the complaint, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that defendants failed to disclose the following adverse facts, among others: (i) VeraSun was, in part, a speculative commodities trader in addition to an ethanol producer; (ii) VeraSun engaged in speculative and risky derivate transactions that exposed the Company to substantial financial and liquidity risk; (iii) VeraSun experienced substantial loses on speculative derivative transactions causing margin pressures on the Company; (iv) as a result of margin pressures from bad speculative derivative transactions, the Company sold out of a large short position in corn and incurred substantial losses; (v) the Company entered into highly risky "accumulator" contracts that obligated VeraSun to purchase increasing amounts of corn after the price of corn fell in price per bushel; and (vi) VeraSun's financial condition and especially its liquidity were negatively impacted as a result of speculative commodity transactions, ultimately causing the Company to file for bankruptcy.

On September 16, 2008, VeraSun announced that it commenced a public offering of 20 million shares of its common stock to raise money for "general corporate purposes." The true

purpose of this public offering was to raise capital in an effort to prevent a disastrous impact from the huge losses experienced by the Company as a result of its speculative trading and risky bets on the price of corn. In response to the Company's announcement on September 16, 2008, shares of the Company's stock fell $3.81 per share, or 70%, from a close of $5.22 per share before the announcement, to close at $1.41 per share on September 17, 2008, on extremely heavy trading volume.

On October 31, 2008, VeraSun filed a voluntary petition for reorganization under Chapter 11 in the U.S. Bankruptcy Court for the District of Delaware and is not named as a defendant herein due to the mandatory stay under Section 362 of the U.S. Bankruptcy Code.

## III.   ARGUMENT

### A.   The VeraSun Investor Group Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff caused the first notice regarding the pendency of the Action to be published on *Business Wire*, a national, business-oriented newswire service, on November 10, 2009. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### B.    The VeraSun Investor Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### 1.    The VeraSun Investor Group Has Complied With the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which Class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on January 11, 2010.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on November 10, 2009, the VeraSun Investor Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

The members of the VeraSun Investor Group have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the Class.  *See* Rosenfeld Decl., Ex. C.  In addition, the VeraSun Investor Group has selected and retained competent counsel to

represent themselves and the Class. *See* Rosenfeld Decl., Ex. D-E. Accordingly, the VeraSun Investor Group has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel, as set forth herein, considered and approved by the Court.

### 2. The VeraSun Investor Group Has the Requisite Financial Interest in the Relief Sought by the Class

During the relevant time period, as evidenced by, among other things, the accompanying signed certifications, *see* Rosenfeld Decl., Ex. C, each member of the VeraSun Investor Group purchased VeraSun common stock in reliance upon the materially false and misleading statements issued by defendants and were injured thereby. In addition, the VeraSun Investor Group collectively incurred a substantial $104,608.81 loss on its transactions in VeraSun securities. *See* Rosenfeld Decl., Ex. B. The VeraSun Investor Group thus has a significant financial interest in this case. Therefore, the VeraSun Investor Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. The VeraSun Investor Group Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997). The VeraSun Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members'") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

The members of the VeraSun Investor Group satisfy this requirement because, just like all other Class members, they: (1) purchased VeraSun common stock during the relevant time period; (2) purchased VeraSun common stock in reliance upon the allegedly materially false and misleading

statements issued by defendants; and (3) suffered damages thereby.  Thus, the VeraSun Investor Group's claims are typical of those of other Class members since its claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of the VeraSun Investor Group to represent the Class to the existence of any conflicts between the interests of the VeraSun Investor Group and the members of the Class.  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members;  and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation.  *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, the members of the VeraSun Investor Group are adequate representatives of the Class.  As evidenced by the injuries suffered by the VeraSun Investor Group, who purchased VeraSun common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the VeraSun Investor Group are clearly aligned with the members of the Class, and there is no evidence of any antagonism between the VeraSun Investor Group's interests and those of the other members of the Class.  Further, the VeraSun Investor Group has taken significant steps which demonstrate it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, the VeraSun Investor Group's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, the VeraSun Investor Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve the VeraSun Investor Group's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the VeraSun Investor Group has selected the law firms of Coughlin Stoia and Barroway Topaz as Lead Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions.

## IV. CONCLUSION

For all the foregoing reasons, the VeraSun Investor Group respectfully request that the Court: (i) appoint the VeraSun Investor Group as Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: January 11, 2010

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
EVAN J. KAUFMAN

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

BARROWAY TOPAZ KESSLER
  MELTZER & CHECK, LLP
SEAN M. HANDLER
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

[Proposed] Co-Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on January 11, 2010, I caused a true and correct copy of the attached:

    Notice Of Motion For Appointment As Lead Plaintiffs And For Approval Of Selection Of Lead Counsel;

    Memorandum In Support Of The VeraSun Investor Group For Appointment As Lead Plaintiffs And For Approval Of Selection Of Lead Counsel; and

    Declaration Of David A. Rosenfeld In Support Of The Motion Of The VeraSun Investor Group For Appointment As Lead Plaintiffs And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

                                                  /s/ *David A. Rosenfeld*
                                                  David A. Rosenfeld

VERASUN

Service List - 1/11/2010    (09-0209)

Page 1 of 1

**Counsel For Defendant(s)**

Michael G. Bongiorno
Keith Bradley
WilmerHale LLP
399 Park Avenue
New York, NY 10022
   212/230-8807
   212/230-8888 (Fax)

**Counsel For Plaintiff(s)**

| | |
|---|---|
| Sean M. Handler<br>Barroway Topaz Kessler Meltzer & Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>   610/667-7706<br>   610/667-7056 (Fax) | Samuel H. Rudman<br>David A. Rosenfeld<br>Evan J. Kaufman<br>Coughlin Stoia Geller Rudman & Robbins LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>   631/367-7100<br>   631/367-1173 (Fax) |
| Jeffrey A. Berens<br>Dyer & Berens LLP<br>303 East 17th Street, Suite 300<br>Denver, CO 80203<br>   303/861-1764<br>   303/395-0393 (Fax) | Michael I. Fistel, Jr.<br>Holzer Holzer & Fistel, LLC<br>200 Ashford Center North, Suite 300<br>Atlanta, GA 30338<br>   770/392-0090<br>   770/392-0029 (Fax) |