**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| YARON GISSIN, Individually and on Behalf of All Those Similarly Situated, | : Civil Action No. 09-CIV-9338-SAS |
| Plaintiff, | : |
| vs. | : |
| DONALD L. ENDRES, DANNY C. HERRON AND BRYAN D. MEIER, | : |
| Defendants. | : |

---

**MEMORANDUM IN SUPPORT OF MOTION OF THE IVES GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD AND LIAISON COUNSEL FOR THE CLASS**

#121951

I.      **INTRODUCTION**

Randall G. Ives, Wayne Mitchell, Jim Trotter, Dick Bossen, and Bruce Lammers (collectively the "Ives Group") respectfully moves this court for entry of an order appointing it as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(3)(B)) (the "PSLRA") and approving its selection of the law firm of Gold Bennett Cera & Sidener LLP as lead counsel and Cohen Milstein Sellers & Toll PLLC as liaison counsel for the Class. During the Class Period, the Ives Group suffered losses of $1,057,465 on its acquisition of the common stock of VeraSun Energy Corp. ("VeraSun" or the "Company"). To its knowledge, the Ives Group suffered the largest loss of any member of the Class seeking appointment as lead plaintiff.

The "Ives Group" consists of five (5) individuals who were shareholders of U.S. BioEnergy Corp. ("U.S. BioEnergy"). On April 1, 2008, during the Class Period, VeraSun completed a transaction by which it acquired all outstanding shares of U.S. BioEnergy. The transaction was structured as a stock-for-stock exchange at a fixed ratio of 0.81 shares of VeraSun common stock for each share of U.S. BioEnergy common stock. The members of the Ives Group acquired 153,647 shares of VeraSun stock pursuant to the exchange. VeraSun's stock closed at $7.25 per share on April 1, 2008.

Thus, the Ives Group consists of related members of the Class who exchanged their U.S. BioEnergy securities for VeraSun shares on or about April 1, 2008. Such exchanges constitute purchases of VeraSun securities pursuant to SEC Rule 145, 17 C.F.R. §230.145. Exchangers such as the members of the Ives Group have a cause of action for fraud in connection with the purchase of a security pursuant to Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R.

§240.10b-5. Given the substantial size of the losses suffered by its members, the Ives Group is an appropriate lead plaintiff and should be appointed as such.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This is a class action on behalf of all those who purchased the common stock of VeraSun from March 12, 2008 through September 16, 2008 (the "Class Period") for violations of Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b). It is alleged that throughout the Class Period defendants issued a series of materially false and misleading statements regarding the Company's true financial condition, business and prospects and that class members sustained damages upon the revelation of the facts regarding VeraSun's improper conduct.

VeraSun engages in the production and sale of ethanol and its co-products in the United States. The pending lawsuit charges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business, and prospects. Specifically, defendants failed to disclose the following adverse facts, among others: (1) VeraSun was, in part, a speculative commodities trader in addition to an ethanol producer; (2) VeraSun engaged in speculative and risky derivative transactions that exposed the Company to substantial financial and liquidity risk; (3) VeraSun experienced substantial losses on speculative derivative transactions causing margin pressures on the Company; (4) as a result of margin pressures from bad speculative derivative transactions, the Company was forced to sell out of a large short position in corn and incurred substantial losses; (5) the Company entered into highly risky "accumulator" contracts that obligated VeraSun to purchase increasing amounts of corn after the price of corn fell in price per bushel; and (6) VeraSun's financial condition and especially its liquidity were negatively impacted as a result of the speculative commodity

transactions, ultimately causing the Company to file for bankruptcy protection.  None of these material facts were disclosed to the market.

On September 16, 2008, VeraSun announced that it had commenced a public offering of 20 million shares of its common stock to raise money for "general corporate purposes."  The true purpose of this public offering was to raise capital in an effort to prevent a disastrous impact from the huge losses experienced by the Company as a result of its speculative trading and risky bets on the price of corn.  In response to the Company's announcement on September 16, 2008, shares of the Company's stock fell $3.81 per share, or 70%, from a close of $5.22 per share before the announcement, to close at $1.41 per share on September 17, 2008, on extremely heavy trading volume.  On October 31, 2008, VeraSun filed a voluntary petition for reorganization under Chapter 11 in the U.S. Bankruptcy Court for the District of Delaware.

The securities class action complaint was filed on November 10, 2009.  As required by the PSLRA, notice of pendency of the action was published that same day, alerting class members to the 60 day deadline (January 11, 2010) to submit motions seeking appointment as lead plaintiff on behalf of VeraSun investors.  A copy of the PSLRA notice is annexed as Exhibit A to the Declaration of Thomas C. Bright ("Bright Declaration" or "Bright Decl."), submitted concurrently herewith.  With the filing of this motion, the Ives Group has met the statutory deadline to request appointment as lead plaintiff.

## III.  ARGUMENT

### A.  The Ives Group Should Be Appointed Lead Plaintiff

The Ives Group respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA establishes a presumption that the "most adequate

plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." This court has recognized that groups of investors such as the Ives Group can, under appropriate circumstances, be appointed lead plaintiff consistent with the language and intent of the PSLRA. *See In re Centerline Co. Sec. Litig.*, 2008 U.S. Dist. LEXIS 36406 at *9 (S.D.N.Y. May 5, 2008) (Scheindlin, J.) (holding that the lead plaintiff can comprise several unrelated investors); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-99 (S.D.N.Y. 2005) (Scheindlin, J.); *see also Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187-89 (S.D.N.Y. 2006).

### 1.    The Ives Group Believes It Has The Largest Financial Interest

The Ives Group should be appointed lead plaintiff because its members believe they have the largest financial interest of those seeking appointment as lead plaintiff, *i.e.* $1,057,465. 15 U.S.C. §78u-4(a)(3)(B)(iii).  Courts generally consider four factors to determine which movant has the largest financial interest in the litigation: (1) the gross number of securities purchased during the Class Period; (2) the net number of securities purchased during the Class Period; (3) the net funds paid for the security during the Class Period; and (4) the approximate loss suffered.  *See, e.g., Glauser*, 236 F.R.D. at 187; *In re eSpeed*, 232 F.R.D. at 100.  Based on these factors, the Ives Group believes it has the largest financial interest in the outcome of this lawsuit.

As the Certificates of the members of the Ives Group indicate, annexed as Exhibit B to the Bright Decl., as a result of the exchange of their U.S. BioEnergy shares for shares of VeraSun during the Class Period, the members of the Ives Group purchased 153,647 VeraSun common shares during the Class Period.  *See* Bright Decl., Exhibit B.  The Ives Group suffered a loss of $1,057,465 on these acquisitions as a result of the wrongdoing alleged in this action.

### 2. The Ives Group Otherwise Satisfies The Requirements Of Rule 23 of the Federal Rules of Civil Procedure

The Ives Group should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. A lead plaintiff movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Glauser*, 236 F.R.D. at 188 (quoting *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998)); *see also In re eSpeed*, 232 F.R.D. at 102 (same). The Ives Group satisfies both requirements in this case.

"Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002). The Ives Group's claims arise from the same course of misconduct as the claims of the other Class members – *i.e.*, the artificial inflation and consequent market correction of VeraSun shares caused by defendants' false representations. *Glauser*, 236 F.R.D. at 188-89 (finding a Lead Plaintiff movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby"); *In re eSpeed*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim").

The adequacy requirement is satisfied where "the class members' interests are not antagonistic to one another," "the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation." *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. at 121. The Ives Group satisfies each of these elements of the adequacy requirement. Their interests are

aligned with those of the other Class members and are not antagonistic in any way.  Indeed, the Ives Group seeks identical relief on identical claims based on identical legal theories.  There are no facts suggesting that any actual or potential conflict of interest exists between the Ives Group and other Class members.  The members of the Ives Group have also submitted Certifications affirming their understanding of the duties owed to Class members.  *See* Bright Decl., Exhibit B.  Through these Certifications, the members of the Ives Group have accepted the fiduciary obligations undertaken by a lead plaintiff.

The Ives Group has further demonstrated its adequacy through its selection of Gold Bennett Cera & Sidener LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel to represent the Class.  As discussed more fully below, Gold Bennett Cera & Sidener LLP is highly qualified and has demonstrated its ability to effectively litigate securities class action cases.

**B.     The Court Should Approve The Ives Group's Choice Of Lead Counsel And Liaison Counsel**

The Court should approve the Ives Group's choice of the law firm of Gold Bennett Cera & Sidener LLP to serve as Lead Counsel.  Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval.  For more than 30 years, Gold Bennett Cera & Sidener LLP has played a leading role in significant securities cases, recovering more than $2 billion for its clients.  A copy of Gold Bennett Cera & Sidener LLP's resume is annexed to the Bright Declaration as Exhibit C.  Gold Bennett Cera & Sidener LLP has the requisite experience and resources to obtain an excellent result for the Class.  *See* Bright Decl., Exhibit C.  Indeed, the court in *In re Rent-Way Sec. Litig.*, 305 F.Supp.2d 491, 515 (W.D. Pa. 2003), a securities fraud class action prosecuted by the firm, stated as follows:

> Having thus initially expressed our confidence in [Gold Bennett Cera & Sidener's] abilities, the Court has not since been disappointed. On the contrary, [Gold Bennett Cera & Sidener] have shown themselves to be attorneys of the highest caliber, at all times prosecuting this action with a high degree of skill and professionalism.

This Court has recently approved the choice of the firm as lead counsel in a securities fraud class action. *See In re Tronox, Inc. Sec. Litig.*, 2009 WL 3294865 at 6 (S.D.N.Y. Oct. 13, 2009).

The Ives Group also requests that Cohen Milstein Sellers & Toll PLLC be appointed as Liaison Counsel. This firm likewise has broad experience prosecuting securities fraud class actions. Details of Cohen Milstein Sellers & Toll PLLC's experience are set forth in the firm's resume, annexed as Exhibit D to the Bright Declaration. This firm was also approved as liaison counsel in the *Tronox* litigation.

Accordingly, the Court should approve the Ives Group's selection of Gold Bennett Cera & Sidener LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Class.

## IV. CONCLUSION

For the foregoing reasons, the Ives Group respectfully requests that the Court appoint it as lead plaintiff pursuant to the PSLRA; and approve its selection of the law firm of Gold Bennett Cera & Sidener LLP as lead counsel and Cohen Milstein Sellers & Toll PLLC as liaison counsel for the Class.

Dated: January 11, 2010	Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL PLLC

By: /s/ Christopher Lometti
Christopher Lometti (CL-9124)
Daniel B. Rehns (DR-5506)
150 East 52nd Street, 30th Floor
New York, NY 10022
Tel: (212) 838-7797
Fax: (212) 838-7745
clometti@cohenmilstein.com
drehns@cohenmilstein.com

COHEN MILSTEIN SELLERS & TOLL, PLLC
Steven J. Toll (*Pro Hac Vice* forthcoming)
1100 New York Ave, Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com

Proposed Liaison Counsel

GOLD BENNETT CERA & SIDENER LLP
Solomon B. Cera (*Pro Hac Vice* forthcoming)
Thomas C. Bright (*Pro Hac Vice* forthcoming)
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 777-2230
Facsimile: (415) 777-5189
scera@gbcslaw.com
tbright@gbcslaw.com

Attorneys for Proposed Lead Plaintiff